UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LIONS GATE CORPORATION, | Case No: C 10-5519 SBA |
| Plaintiff, | **ORDER DISMISSING ACTION** |
| vs. | |
| LOUISA BREAUD, an individual; CAURELANE, S.A.R.L.; DOES 1-10, | |
| Defendants. | |

On June 12, 2013, the Court issued an Order to Show Cause (OSC) directing Plaintiff to show cause why the instant action should not be dismissing pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Dkt. 29. Plaintiff had until June 19, 2013, to respond to the OSC, and was warned that the failure to timely respond would result in the dismissal of the action without further notice. To date, Plaintiff has not responded to the OSC or otherwise communicated with the Court.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet 963 F.2d 1258, 1260 (9th Cir. 1992); Link v. Wabash R. Co., 370 U.S. 626, 630 (1962) ("[t]he authority of the federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public

policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal. With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This is particularly true here, where Plaintiff has repeatedly failed to comply with the Court's orders to file a Case Management Statement and to respond to the OSC. Such conduct has interfered with the Court's ability to enter a pretrial schedule and set a trial date.

The second factor, the Court's need to manage its docket, also militates in favor of dismissal. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Plaintiff has offered no explanation for its failure to respond nor is any apparent from the record. These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). (per curiam).

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal. The Court's OSC explicitly warned Plaintiff that the failure to respond to the OSC would result in the dismissal of the action. "[A] district court's warning to a party that

failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of granting dismissing the action. Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED with prejudice for failure to prosecute, pursuant to Rule 41(b).

IT IS SO ORDERED.

Dated: July 26, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge